Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Todd A. Nelson, (OBA No. 15317)
tnelson@gablelaw.com
*(Pro Hac Vice Application to Be Submitted)*
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone: (918) 595-4800
Facsimile: (918) 595-4990

Attorneys for Plaintiffs
CHAR-BROIL, LLC

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAR-BROIL, LLC, a Georgia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NEXGRILL INDUSTRIES, INC., a California corporation,<br><br>Defendant. | Civil Action No. 5:20-cv-00554<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Char-Broil, LLC ("Plaintiff" or "Char-Broil"), for its complaint against Defendant, Nexgrill Industries, Inc. ("Defendant" or "Nexgrill"), alleges as follows:

## I. PARTIES

1. Char-Broil is a Georgia limited liability company with its principal place of business in Columbus, Georgia.

2. Nexgrill is a California corporation with its principal place of business in Chino, California.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., particularly at least Sections 271, 281 through 285, and 295 of Title 35 of the United States Code.

4. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction over Defendant is proper in this district because Defendant is a registered California corporation, maintains a regular and established place of business in this district, and resides in this district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) and 1400(b). Defendant is a registered California corporation, maintains a regular and established place of business in this district, and resides in this district. Further, Defendant has committed at least a portion of the alleged infringing acts in this district and has derived substantial revenues from its infringing acts in this district.

## III. CLAIM FOR RELIEF
### (Patent Infringement)

7. Plaintiff adopts and re-alleges each and every numbered paragraph above as if set forth verbatim herein at this point.

8. W.C. Bradley Co., the parent company of Char-Broil, LLC, is the owner of U.S. Patent No. 6,279,566 entitled Shield for Gas Burner (hereinafter, "the '566 Patent" or the "Patent-in-Suit"). A copy of the Patent-in-Suit is attached hereto as Exhibit "A."

9. Char-Broil is the exclusive licensee of the Patent-in-Suit. Such license is fully paid-up, worldwide and perpetual. Char-Broil has the sole right and discretion to enforce and prosecute actions for infringement, to collect and retain all amounts, damages, profits, royalties, attorney fees and costs for all relevant times against infringers of the Patent-in-Suit and grant sublicenses to the '566 Patent.

10. W.C. Bradley Co. is also bound by any final determination by a court or the United States Patent & Trademark Office regarding the Patent-in-Suit. Accordingly, Char-Broil has received all substantial rights to the Patent-in-Suit and possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Nexgrill.

11. Char-Broil manufacturers and sells universal heat tent products which are covered by one or more claims of the Patent-in-Suit. These products were then previously sold by Wal-Mart, among others.

12. Defendant manufactures and sells certain cooking grill heat tents, including, as an example, Nexgrill Model No. 670-0001 "Small Heat Tent" shown below:



13. Upon information and belief, large numbers of Defendant's universal heat tents have been sold and continue to be sold, both directly by Defendant and through major retailers, including Wal-Mart.

14. Defendant's other universal heat tent model numbers identified by Char-Broil to date include at least Wal-Mart Model Nos. 571256508 and 571256509. Defendant's infringing products directly replaced Char-Broil's products at Wal-Mart.

15. Defendant's universal heat tents fall within the scope of one or more claims of the '566 Patent, including claim 1, which reads as follows:

///

> 1. A shield for use in a barbecue grill, the barbecue grill having a cooking chamber with a gas burner disposed therein, the shield comprising:
>
> > a base member having first and second side panels and a centerline fold disposed therebetween; and
> > a sliding member having a centerline fold disposed between first and second side panels, the sliding member being adapted to engage the base member for adjusting the length of the shield.

16. As shown by the annotated photo below, Defendant's universal heat tents meet each of the '566 Patent claim 1 elements. The annotated photo represents an example and is not intended to depict the only claim or manner in which claim limitations have been met.

-3-



17. At no time has Defendant received any express or implied authorization, license or permission to practice the inventions claimed in the Patent-in-Suit.

18. Defendant has infringed and continues to infringe at least claim 1 of the Patent-in-Suit within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, importing, offering to sell, and selling the infringing products in the United States. The infringing products contain each and every element of at least claim 1 of the Patent-in-Suit, both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

19. Defendant has also indirectly infringed and continues to indirectly infringe at least claim 1 of the Patent-in-Suit under 35 U.S.C. § 271(b) by knowingly and actively, with knowledge of the patent, inducing infringement. Defendant has knowingly and actively induced infringement of at least claim 1, for example, through the foregoing activities including, without limitation, importing, offering to sell, and selling the infringing products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the infringing products in a manner that infringes at least claim 1 of the Patent-in-Suit. The infringers that are being induced by Defendant,

include, without limitation, Defendant's customers and/or end-users that use the infringing products in the United States.

20. Char-Broil has complied with 35 U.S.C. § 287 by prominently marking its products, including its products which were sold by Wal-Mart and replaced by Defendant's products, and by directly notifying Defendant of its rights under the Patent-in-Suit.

21. Defendant has had knowledge and notice of the Patent-in-Suit, and despite such knowledge/notice, Defendant has failed and refused to cease and desist from its acts of infringement and is willfully and intentionally continuing its acts of infringement. Upon information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and deliberate, such that Char-Broil's damages should be increased up to three times the amount assessed.

22. As a result of Defendant's infringement, Char-Broil has suffered and continues to suffer damages in an amount to be determined at trial.

23. Unless Char-Broil receives preliminary and permanent injunctive relief enjoining Defendant's infringement, Char-Broil will be irreparably injured.

24. In addition, upon information and belief, Defendant's conduct as addressed herein and renders this an exceptional case under 35 U.S.C. § 285, thus entitling Char-Broil to an award of attorney fees.

## IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant and for relief including:

1. That Defendant has infringed the Patent-in-Suit;

2. That Defendant and its officers, directors, employees, and all others acting under its direction or control be preliminarily and permanently enjoined and restrained from infringing the Patent-in-Suit;

3. That Defendant account to Char-Broil for all gains, profits, and

advantages derived from its infringement of the Patent-in-Suit;

4. Compensatory damages for patent infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined, but in no event less than a reasonable royalty together with interest and costs;

5. Increased damages of treble the amount of actual damages found or assessed pursuant to 35 U.S.C. § 284;

6. Reasonable attorney fees pursuant to 35 U.S.C. § 285; and

7. Such other and further relief as the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Char-Broil demands trial by jury on all claims and issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 17, 2020         By: */s/ Paul A. Stewart*
                                  Paul A. Stewart

                                  Todd A. Nelson,
                                  GABLEGOTWALS

                                  Attorneys for Plaintiff
                                  CHAR-BROIL, LLC